**Joseph G. DUNBAR, Plaintiff–Appellant,**

---

[*] The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

Marvin Ford, Plaintiff,

v.

MICHIGAN COUNTY PROSECUTORS,
et al., Defendants–Appellees.

No. 03–1416.

United States Court of Appeals,
Sixth Circuit.

Dec. 18, 2003.

Joseph G. Dunbar, pro se, Detroit, MI,
for Plaintiff–Appellant.

Before BOGGS, Chief Judge;
BATCHELDER and SUTTON, Circuit
Judges.

*ORDER*

Joseph G. Dunbar, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 18 U.S.C. §§ 241–42, 1503, 1961, and 42 U.S.C. §§ 1981–1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Dunbar sued the state of Michigan and multiple attorneys, judges, prosecutors, and various state and county employees attacking his conviction for criminal sexual conduct and being a felon in possession of a firearm. Dunbar then moved for class certification naming fellow prisoner Marvin Ford as a co-plaintiff. The district court dismissed the complaint as frivolous.

Only Dunbar has filed a notice of appeal and is therefore the only party before this court. In his brief, Dunbar asserts that blacks in Michigan are subject to discrimination and that there is a conspiracy in the criminal justice system to deprive blacks of their constitutional rights.

The district court's judgment is reviewed de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

Dunbar's complaint is barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck,* the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87, 114 S.Ct. 2364. Furthermore, the claim is not cognizable and must be dismissed whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. *Id.* at 487, 114 S.Ct. 2364; *see also Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (habeas corpus proceeding, not § 1983, is appropriate remedy for a state prisoner to attack the validity or length of his sentence).

As Dunbar's conviction has not been invalidated, any ruling on Dunbar's arguments would call into question the validity of his conviction. Thus, the district court did not err in dismissing Dunbar's civil rights complaint. *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.